IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-4007-CV-C-NKL |
| | ) |
| REAL PROPERTY LOCATED AT 1108 | ) |
| BROOKDALE COURT, COLUMBIA, | ) |
| MISSOURI ALONG WITH ALL ITS | ) |
| BUILDINGS, APPURTENANCES, AND | ) |
| IMPROVEMENTS | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff, the Untied States of America ("Government"), alleges that Defendant – real property located at 1108 Brookdale Court, Columbia, Missouri, along with all its buildings, appurtenances, and improvements[1] - is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2). The Government alleges that Omar Mustafa ("Mustafa") is the record owner of the Defendant real property. Pending before the Court are Mustafa's Motion to Dismiss or in the Alternative for a More Definite Statement [Doc. # 7] and his Motion to Strike the Declaration of Paul R. Schlup [Doc. # 8].

**I.     Motion to Strike**

---

[1] Defendant is more fully described in the Complaint as "Lot one thousand five hundred fourteen (1514) of the Highlands Plat Fifteen B (15-B) as shown by the plat recorded in Plat book 28, page 28, records of Boone County, Missouri." Compl. ¶ 2.

1

First, Mustafa moves the Court, pursuant to Federal Rule of Civil Procedure 12(f), to strike the declaration of Paul R. Schlup. Under Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While the Court enjoys 'broad discretion" in determining whether to strike pleadings, such an action is an "extreme measure." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal citation omitted). The Court will not exercise its discretion to strike Schlup's Declaration.

Mustafa argues the Court should strike Schlup's declaration because the declaration is neither incorporated into the Complaint nor cited as an exhibit thereto, and therefore is not properly filed with the Court. Mot. to Strike ¶ 6. He argues that even if the declaration is "considered as an extension of the Complaint, together [the Complaint and declaration] are in violation of Fed. R. Civ. P. 8(e), which requires pleadings to be concise and direct." *Id.* Mustafa also objects to several paragraphs in the declaration, claiming they would be subject to various evidentiary objections. *Id.* at ¶ 7. Mustafa states that, for these reasons, "the Declaration submitted by Plaintiff as an attachment to its Complaint is immaterial, objectionable, premature, scandalous, [and] impertinent" and should be stricken." *Id.* at ¶ 9.

First, the Declaration was properly attached to and incorporated into the Government's Complaint. Paragraph 9 of the Complaint states that "[t]he defendant properties are the same properties referred to in the declaration of Special Agent Paul R. Schlup, attached to this complaint."

Furthermore, this case is a proceeding for forfeiture in rem and is governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). *See United States v. U.S. Currency, in Amount of $150,660.00*, 980 F.2d 1200, 1204 (8th Cir. 1992); Fed. R. Civ. P. Supp. R. E(1). Under Rule E(2)(a), a forfeiture complaint must "state the circumstances from which the claim arises with such particularity that the . . . claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. R. E(2)(a). "[T]he government's complaint must establish . . . a reasonable belief that the government can show probable cause for forfeiture at trial." *U.S. Currency, in Amount of $150,660.00*, 980 F.2d at 1204—1205 (citing *United States v. Real Property Located at 2323 Charms Rd.*, 946 F.2d 437, 441 (6th Cir. 1991)).[2] Supplemental Rule G(2)(f) provides that a forfeiture complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f).

To meet these requirements, courts allow facts set forth in such affidavits accompanying forfeiture complaints to cure any lack of specificity in the complaints themselves. *See United States v. $448,163.10 in U.S. Currency*, 2007 WL 4178508 at * 5 (D. Conn. November 20, 2007); *United States v. 4492 Livonia Rd.*, 889 F.2d 1258, 1266 (2d.

---

[2] In a forfeiture action, probable cause is "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *U.S. Currency, in Amount of $150,660.00*, 980 F.2d at 1205 n.4 (quoting *United States v. 3639-2nd St. N.E.*, 869 F.2d 1093, 95 (8th Cir. 1989) (citations omitted)).

3

Cir. 1989) (affidavit stating the dates, circumstances, location and parties to alleged drug transactions and drug paraphernalia seized from the premises cured any defect in the complaint). *See also U.S. Currency, in Amount of $150,660.00*, 980 F.2d at 1200 (listing facts contained in both the forfeiture complaint and attached affidavit in determining whether complaint met the particularity requirements of Supplemental Rule E(2)(a)).

The Declaration was properly attached to the Government's Complaint, and the allegations in Schlup's Declaration are neither redundant, immaterial, impertinent, nor scandalous, as Mustafa argues. In fact, as the Government notes, the detailed allegations in the Declaration are not only material but likely necessary for the Complaint to meet the requirements of Supplemental Rule G(2)(f), which requires civil forfeiture complaints to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Declaration provides a detailed account of Mustafa's activities in connection with the purchase of the Defendant real property allegedly using money derived from violations of 31 U.S.C. § 5324. The Court will not strike the Declaration of Paul R. Schlup.

## II.     Motion to Dismiss

Mustafa also filed a motion to dismiss on April 23, 2009. On May 8, 2009, the Government, pursuant to Supplemental Rule G(6), served Special Interrogatories upon Mustafa. Supplemental Rule G(8) states that "a claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)." Fed. R. Civ. P. Supp. R. G(8). Supplemental Rule G(6) provides:

4

(6) Special Interrogatories
    (a)    Time and Scope. The government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed. But if the claimant serves a motion to dismiss the action, the government must serve the interrogatories within 20 days after the motion is served.
    (b)    Answers or Objections. Answers or objections to these interrogatories must be served within 20 days after the interrogatories are served.
    (c)    Government's Response Deferred. *The government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until 20 days after the claimant has answered these interrogatories.*

Fed. R. Civ. P. Supp. R. G(6) (emphasis added). Therefore, the Government is not obligated to respond to the Mustafa's motion until 20 days after Mustafa responds to the Government's Rule G(6) interrogatories.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Mustafa's Motion to Strike [Doc. # 8] is DENIED. It is further

ORDERED that the parties shall inform the Court within three days of the entry of this order whether Mustafa has responded to the Rule G(6) interrogatories and, if so, when he responded. It is further

ORDERED that the Government shall respond to Mustafa's Motion to Dismiss or for a More Definite Statement [Doc. # 7] upon the later of 20 days after Mustafa's response to the Rule G(6) interrogatories or three days of the entry of this order.

5

                                                s/ Nanette K. Laughrey
                                                NANETTE K. LAUGHREY
                                                United States District Judge

Dated: June 29, 2009
Jefferson City, Missouri